IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

EUGENE JEROME HOWARD,

    Plaintiff

VS.

WILLIAM TERRY, *et. al.*,

    Defendants

NO. 5:08-CV-201 (CAR)

**PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE**

# O R D E R

    Plaintiff herein has made a second request for the appointment of legal representation in the above-captioned proceeding (Tab #24). As plaintiff was previously advised, there is generally no right to counsel in §1983 actions. *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975); *Meckdeci v. Merrell National Laboratories*, 711 F.2d 1510, 1522 n.19 (11th Cir. 1983). It is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982); *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir.1982); *Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir. 1982).

    In deciding whether legal counsel should be provided, the court typically considers, among other factors, the merits of the plaintiff's claim and the complexity of the issues presented. *See Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989). Applying the standards set forth in *Ulmer*, *supra*, it appears that at the present time, the essential facts and legal doctrines in this case are ascertainable by the plaintiff without the assistance of court-appointed legal counsel and that the existence of exceptional circumstances has not been shown by the plaintiff. The court <u>on</u> <u>its</u> <u>own</u> <u>motion</u> will consider assisting plaintiff in securing legal counsel <u>if</u> <u>and</u> <u>when</u> it becomes apparent that legal assistance is required in order to avoid prejudice to his rights. Accordingly, plaintiff's motion for appointment of legal counsel is **DENIED** at this time.

Also pending before the court are plaintiff's MOTION FOR RECONSIDERATION (Tab #22), MOTION TO PRODUCE DOCUMENTS (Tab #21), and MOTION TO STAY PREMATURE DISCOVERY MOTIONS (Tab #25).

## MOTION FOR RECONSIDERATION

Plaintiff's MOTION FOR RECONSIDERATION asks the court to reconsider its previous denial of his first request for appointment of counsel (Tab #9). For the reasons outlined in the above section addressing plaintiff's second request for appointment of counsel, coupled with the fact that plaintiff's initial request came prior to service upon the defendants, plaintiff's request was denied as premature. For the same reasons, excepting the fact that defendants have now been served, plaintiff's MOTION FOR RECONSIDERATION is **DENIED**.

## MOTION TO PRODUCE DOCUMENTS / MOTION TO STAY PREMATURE DISCOVERY MOTIONS

Plaintiff's MOTION TO PRODUCE DOCUMENTS was filed after the court had granted defendant's MOTION TO STAY PROCEEDINGS UNTIL RESOLUTION OF DEFENDANT'S PRE-ANSWER MOTION TO DISMISS. Tab #19 and Tab #20. In addition, plaintiff's MOTION TO STAY PREMATURE DISCOVERY MOTIONS seeks to stay his own discovery requests including the aforementioned MOTION TO PRODUCE DOCUMENTS. As such, plaintiff's MOTION TO PRODUCE DOCUMENTS is **DENIED** and his MOTION TO STAY PREMATURE DISCOVERY MOTIONS is **DENIED** as moot/unnecessary.

SO ORDERED, this 16th day of SEPTEMBER, 2008.

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE