IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

EUGENE JEROME HOWARD, JR.,

             Plaintiff

   VS.

LT. JOSEPH FELTON,

             Defendant

NO. 5:08-CV-201 (CAR)

PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE

## RECOMMENDATION

Pending before the court is defendant JOSEPH FELTON's motion seeking dismissal which states, *inter alia*, that the plaintiff failed to exhaust the administrative remedies available to him before filing this federal suit. Tab #18.

**PROCEDURAL BACKGROUND**

Plaintiff EUGENE JEROME HOWARD filed the instant Complaint under 42 U.S.C. § 1983 alleging that defendant Lieutenant Felton used excessive force and failed to protect plaintiff from another inmate, in violation of the Eighth Amendment. Tab #1. Defendant FELTON subsequently filed a MOTION TO DISMISS plaintiff's COMPLAINT, contending that plaintiff HOWARD failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act of 1995 ("PLRA") and failed to state a claim. In addition, defendant Felton asserts that plaintiff's requests for injunctive relief are barred by the PLRA.

On September 18, 2008, plaintiff HOWARD filed a RESPONSE (Tab # 28) to Lieutenant Felton's MOTION TO DISMISS, to which defendant Felton replied on September 23, 2008 (Tab # 30). On September 22, 2008, plaintiff requested (Tab # 29) an extension of time to amend his response which this court granted on September 23, 2008 (Tab # 31). Plaintiff also filed an amended brief in response (Tab # 35) to Lieutenant Felton's MOTION TO DISMISS. to which the defendant replied (Tab #36). Finally, plaintiff filed a MOTION FOR SPECIAL PLEADING (Tab #40), to which the defendant responded (Tab #41).

**DISCUSSION**

The Prison Litigation Reform Act of 1995 ("PLRA") mandates that before an incarcerated plaintiff can bring any action under Section 1983, he must exhaust all of the administrative remedies available to him. 42 U.S.C. §1997e(a). Defendant avers that plaintiff HOWARD did not complete the three-step grievance procedure in place throughout the Georgia Department of Corrections, which is explained in detail in the attachments to the defendant's motion. The Eleventh Circuit has made clear that exhaustion of administrative remedies is a precursor to a prisoner's filing a civil rights action, even when the administrative procedures set forth by the prison are futile or inadequate. *Alexander v. Hawk*, 159 F.3d 1321, 1326 (11th Cir. 1998).

In support of his motion, defendant Felton has submitted the affidavit of John Hill, Chief Grievance Counselor at Macon State Prison. Mr. Hill states that plaintiff did file a grievance about the excessive force incident **but did not appeal** the Warden's denial of said grievance. Moreover, Mr. Hill avers that no grievance has ever been filed by the plaintiff with regard to his failure to protect claim. In response, plaintiff admits his failure to exhaust his available administrative remedies but asks the court to waive the requirement in light of the evidence of wrongdoing. To do so would be inappropriate. Because the plaintiff did not complete the grievance procedure, this case is not properly before this court and must be **DISMISSED** pursuant to the PLRA's exhaustion requirement.[1]

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED this 14th day of JANUARY, 2009.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] In light of this recommendation, defendant's pending MOTION FOR A SPECIAL PLEADING is **DENIED** as MOOT.