IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **EUGENE JEROME HOWARD, JR.,** : | |
| : | |
| **Plaintiff,** : | |
| : | Civil Action No. |
| v. : | 5:08-CV-201 (CAR) |
| : | |
| **LT. JOSEPH FELTON,** : | |
| : | |
| **Defendant.** : | |

## ORDER ON THE REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is the United States Magistrate Judge's Recommendation [Tab 42] that the present action be dismissed for Plaintiff's failure to exhaust administrative remedies available to him as required by the Prison Litigation Reform Act of 1995, 42 U.S.C. §1997e(a). Plaintiff filed a timely Objection [Doc. 44] to the Recommendation, alleging, for the first time, that he did not file an appeal from his prison grievance because he feared retaliation from Defendant. The Eleventh Circuit Court of Appeals has, in fact, recently held that a prison official's serious threats of substantial retaliation against an inmate for lodging a grievance may make the administrative remedy "unavailable" for the purpose of exhaustion under the PLRA. Turner v. Burnside, 541 F.3d 1077, 1085 (11th Cir. 2008). However, two conditions must be met in such cases before a defendant is estopped from advancing an exhaustion defense. The inmate must show: (1) that the threat actually deterred him from lodging a grievance or pursuing a particular part of the process, and (2) that the threat was one that would deter a reasonable inmate of ordinary firmness and fortitude from lodging a grievance or pursuing the part of the grievance process that the inmate failed to exhaust. Id.

In this case, Plaintiff makes no specific allegations of any retaliatory threats. Plaintiff does not claim that Defendant or any other prison official made specific retaliatory threats or state any other grounds supporting his alleged fear of retaliation. He merely makes conclusory and unsupported statements that he feared, for whatever reason, retaliation if he filed an appeal of his prison grievance and that he was "advised" by someone not to pursue the grievance procedure. As such, this Court cannot find that the requisite administrative remedies were made "unavailable" by threats of retaliation by Defendant or that Defendant is otherwise estoppel from advancing an exhaustion defense because of any threatened retaliation. See id. The Court, therefore, agrees with the findings and conclusions of the United States Magistrate Judge that Plaintiff's claims are due to be dismissed for failure to exhaust his administrative remedies as required by the PLRA and finds Plaintiff's conclusory and unsupported objections unpersuasive.

The Recommendation of the United States Magistrate Judge is hereby **ADOPTED** and **MADE THE ORDER OF THE COURT**, and the present case is **DISMISSED**.

SO ORDERED, this 6th day of February, 2009.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

jlr